**GRACO CHILDREN'S PRODUCTS, INC., Plaintiff,**

v.

**REGALO INTERNATIONAL LLC, Defendant.**

**No. CIV.A. 97–CV–6885.**

United States District Court, E.D. Pennsylvania.

April 17, 2001.

Anthony S. Volpe, Volpe and Koenig, P.C., Philadelphia, PA, Richard B. O'Planick, Wooster, OH, for Plaintiff.

Hugh J. Hutchison, Leonard, Tillery and Sciolla, Philadelphia, PA, Maura I. McInerney, Matthew A. Taylor, Steve Rosenblatt, Gail Dalickas, Richard T. Redano, Duane, Morris and Heckscher, Philadelphia, PA, Frank J, Bonini, Jr., Paul and Paul, Philadelphia, PA, Paul G. Neimann, Paul J. Yechout, Barry Lazarus, Moss and Barnett, Minneapolis, MN, Bruce B. Whitman, Cincinnati, OH, Frederick A. Tecce, McShea Tecce, PC, Philadelphia, PA, for Defendant.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Presently before this Court is the Motion for Reconsideration of the Order Denying Defendant's Motion for Partial Summary Judgment of Noninfringement and Granting Plaintiff's Motion for Partial Summary Judgment of Infringement (Dkt. No. 109), filed by the Defendant, Regalo International LLC ("Regalo"). Regalo brings this present Motion due to the intervening change of law brought forth in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 558 (Fed. Cir.2000). For the reasons that follow, the Motion is denied.

## I. FACTS.

During the prosecution of the Defendant's, Graco Children's Products, Inc. ("Graco"), patent application which evolved into U.S. Patent No. 4,811,437 (" '437 Patent"), the U.S. Patent and Trademark Office ("the Patent Office") rejected claims one through five, twelve through fifteen, and nineteen through twenty-one of the patent application for obviousness under 35 U.S.C. section 103. Furthermore, the Patent Office objected to claims sixteen through eighteen as being dependant upon a rejected base claim and allowed claims six through eleven and twenty-two through twenty-six. *See* Def.'s Ex. B. As a result of the Patent Office's rejection, Graco amended the claims in the patent application. *See* Def.'s Ex. C. For the purposes of this Motion, it is only important to note that among the amendments made, element two of claim one ("element two") was amended by adding the phrase "lower frame assembly" to the phrase "corner leg".[1]

---

1. The full text of element two of claim one, with the amendment underlined, is as follows: a lower frame assembly comprising corner leg connecting members and hub legs each pivotally coupled at one end portion thereof to said hub member and pivotally coupled at an opposite end portion thereof to one of said *lower frame assembly* corner leg connecting members such that said hub legs are collapsible by pivoting said hub legs from a substantially co-planar spread configuration wherein said hub legs diverge radially outwardly from said hub member to a compact non-coplanar configuration

On August 8, 2000, in *Graco Children's Products Inc. v. Regalo Int'l LLC.*, No. 97–6885, 2000 WL 1123260 (E.D.Pa. Aug. 8, 2000) ("*Graco II*"), this Court issued an Order denying Regalo's Motion for Partial Summary Judgment and granting Graco's Cross–Motion for Partial Summary Judgment because this Court found that Regalo's current model playyards infringed on Graco's '437 Patent. *Id.* On November 29, 2000, the Federal Circuit Court decided *Festo*, 234 F.3d 558, which impacts on the doctrine on equivalence and the use of prosecution history estoppel. Regalo currently asserts that, in light of *Festo*, the Court's decision should be reconsidered.

## II. STANDARD

■ A motion for reconsideration is appropriate only where: (1) there has been an intervening change in controlling law; (2) new evidence is available; or (3) there is need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir.1995). However, such motions should only be granted sparingly. *Armstrong v. Reisman*, No. 99–4188, 2000 WL 288243 at *2 (E.D.Pa. Mar. 7, 2000).[2]

## III. DISCUSSION

■ A patentee may show infringement either by showing that an accused product literally infringes on a claim in the patent or that the product infringes under the doctrine of equivalents. *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed.Cir.1995); *cert. denied*, 516 U.S. 987, 116 S.Ct. 515, 133 L.Ed.2d 424 (1995). "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Id.* at 1575. If a product does not literally infringe on a claim, it may still infringe under the doctrine of equivalents if every element in the claim is either literally or equivalently present in the accused product. *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1423 (Fed.Cir. 1997). "A claim element is equivalently present in an accused device if only 'insubstantial differences' distinguish the missing claim element from the corresponding aspects of the accused device." *Id.* Prosecution history estoppel is a limit on the doctrine of equivalents. This limitation prohibits a patentee from claiming infringement under the doctrine of equivalents for subject matter which it relinquished during prosecution of the patent in order to obtain allowance of the claims. *Mark I Mktg. Corp. v. R.R. Donnelley & Sons Co.*, 66 F.3d 285, 291 (Fed.Cir.1995), *cert. denied* 516 U.S. 1115, 116 S.Ct. 917, 133 L.Ed.2d 847 (1996).

The decision in *Festo* does indeed change and clarify the use of the doctrine of equivalents and prosecution history estoppel. *Festo*, 234 F.3d at 574. Thus, there has been an intervening change in the applicable law. The *Festo* Court, en banc, made the following four rulings: (1) An amendment to a patent claim that narrows the scope of the claim for any reason related to the statutory requirements for a patent will give rise to prosecution-history estoppel with respect to the amended

---

wherein said hub legs are substantially parallel.
Response to First Office Action, Def's Ex. C.

**2.** Regalo does not specify on which Federal Rule of Civil Procedure it is basing its Motion. A motion for reconsideration may be filed under Federal Rule of Civil Procedure 59(e) or 60(b). *Deily v.Waste Mgmt. of Allentown*, No. 00–1100, 2000 WL 1858717, at *1 (E.D.Pa. Dec. 19, 2000); *Armstrong v. Reisman*, No. 99–4188, 2000 WL 288243 at *3 (E.D.Pa. Mar. 7, 2000). If construed as a 59(e) motion, Regalo's Motion would be untimely, however, we will construe the Motion under Rule 60(b) so that we may discuss the merits.

claim element; (2) any voluntary amendment that narrows the scope of a claim for a reason related to the statutory requirements for a patent will give rise to prosecution-history estoppel with respect to the amended claim elements; (3) when a claim amendment creates prosecution history estoppel, no range of equivalents is available for the amended claim element; and (4) unexplained amendments are not entitled to any range of equivalents. *Id.* at 563–564. The third ruling is the most important ruling because it allows prosecution history estoppel to completely bar the use of the doctrine of equivalents in some circumstances. *Id.* at 569. The *Festo* court stated that,

> [t]oday, we revisit the question we first addressed in *Hughes I* and come to a different conclusion as to the proper scope of equivalents that is available when prosecution history estoppel applies than we did in that case. We hold that prosecution history estoppel acts as a complete bar to the application of the doctrine of equivalents when an amendment has narrowed the scope of a claim for a reason related to patentability.

*Id.* at 574.

■ *Festo* further sets forth four factors to analyze when deciding whether prosecution history estoppel will bar the application of the doctrine of equivalents to a given claim element. *Id.* at 586. The first step in the prosecution history estoppel analysis is to determine which claim elements are met by the doctrine of equivalents. *Id.* After it is determined what claim elements are met by equivalents, the court must determine whether the elements at issue were amended during prosecution of the patent. *Id.* If the claim elements at issue were amended, the court must determine whether the amendments narrowed the literal scope of the claim.

*Id.* If so, prosecution history estoppel will apply unless the patent holder establishes that the amendment was made for a purpose unrelated to patentability. *Id.* If the patent holder fails to do so, prosecution history estoppel will bar the application of the doctrine of equivalents to that claim element. *Id.*

Regalo claims that Graco's amendment to element two narrowed the scope of claim one for a reason related to the statutory requirements for a patent. Furthermore Regalo claims that in *Graco II*, this Court found that Regalo's playyards infringed upon element two under the doctrine of equivalents. Therefore, Regalo avers that in light of *Festo*, this Court should apply prosecution history estoppel to bar the use of the doctrine of equivalents in finding that their playyards infringed on Graco's '437 patent and reconsider the outcome of *Graco II*.

### A. Prosecution History Estoppel Analysis

#### 1. Doctrine of Equivalents

■ First, we must determine if, in *Graco II*, element two was found to be met by equivalents rather than infringed upon literally. *Festo*, 234 F.3d at 586. If element two was literally infringed upon, then *Festo* is inapplicable since that case only deals with the use of prosecution history estoppel to bar the doctrine of equivalents. In *Graco II*, this Court found that both element one[3] of claim one and element two of claim one were literally infringed upon by Regalo's current ʻmodel playyards. *Graco II*, 2000 WL 1123260 at *3–*5. After this Court's discussion of the literal infringement of these elements, this Court discussed how these two elements of claim one, in the alternative, were also infringed

---

**3.** Element one of claim one of the '437 patent, "a unitary central hub member", was not amended during the prosecution of the patent and thus is not of import to this decision.

upon under the doctrine of equivalents. *Id.* at \*6–\*7. This Court concluded by stating that Regalo's playyard "infringes on the '437 patent, both literally and under the doctrine of equivalents." *Id.* at \*7. Therefore, because element two was found, inter alia, to be literally infringed upon by Regalo's playyard, the *Festo* decision is inapplicable.

Because element two was found to be literally infringed upon by this Court, it is not necessary to continue with the prosecution history analysis. However, in order to be complete and thorough, the other elements will now be addressed as if element two had not been found to be literally infringed upon and was only infringed upon under the doctrine of equivalents.

### 2. *Amendment to the Claim*

Second, we must determine if the claim element of the '437 patent at issue, element two, was amended during the prosecution of the patent. *Festo*, 234 F.3d at 586. As mentioned earlier, element two was amended during the prosecution of the patent. *See* Response to First Office Action, Def.'s Ex. C. Therefore, the second factor of the prosecution history estoppel analysis is satisfied.

### 3. *Narrowing the Literal Scope of the Claim*

■ Third, we must determine whether the amendment to element two narrowed the literal scope of the claim. *Festo*, 234 F.3d at 586. Graco argues, and this Court agrees, that adding the phrase "lower frame assembly" to the phrase "corner leg" in element two did not narrow the scope of the claim.[4] As Graco points out, the "lower frame assembly" language was already included at the beginning of element two before it was amended. It is evident from a reading of the element that the "lower frame assembly" language, as used in the beginning of the pre-amended

element two, was an inclusive modifier and thus already inherently applied to the phrase "corner leg" located further down in the element. Therefore, the addition of the "lower frame assembly" language as a stated rather than inherent modifier to the phrase "corner leg" did not change the scope of the claim since that exact phrase located at the beginning of the element already modified the phrase "corner leg". Thus, the scope of element two of claim one was not narrowed by the added language.

### 4. *A Reason Unrelated to Patentability*

■ Since element two was literally infringed upon and the scope of claim one was not narrowed by the amendment, the Court does not need to address the fourth factor of the *Festo* prosecution history estoppel analysis. *Festo*, 234 F.3d at 586. However, we shall address the fourth factor in order to be complete. In this case, Graco, as the patent holder, has the burden of establishing that the amendment to element two was made for a reason unrelated to patentability. *Id.* Graco has not met its burden on this issue. In *Festo*, the court explained that the purpose of placing the burden of establishing the reason for an amendment on the patent holder is that it " 'gives proper deference to the role of claims in defining an invention and providing public notice.' " *Id.* (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 33, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997)). The *Festo* court further stated that "[i]n order to give due deference to public notice considerations under the *Warner–Jenkinson* framework, a patent holder seeking to establish the reason for an amendment must base his arguments solely upon the public record of

---

**4.** See P.2, n. 1, supra, for the amended text of    element two.

the patent's prosecution, i.e., the patent's prosecution history." *Id.*

Graco's Response to First Office Action, Def.'s Ex. C, gives the stated reason that the amendments to the claims were "by way of clarification only". Graco argues that this stated reason shows that adding the phrase "lower frame assembly" to the phrase "corner leg" in element two, was not necessary for patentability but was simply for clarification. In apparent anticipation of the argument that the amendment was made for a purpose related to patentability, because it made the claim more particular under 35 U.S.C. section 112 paragraph 2, Graco notes that the Patent Office did not reject any of the claims in the '437 patent based on that section.[5] Graco states that the Patent Office, in fact, rejected the claims based on obviousness under 35 U.S.C. section 103 and focused on the obviousness of the unitary central hub member rather than on the lower frame assembly which is the subject of element two. *See* Def.'s Ex. B.

Graco appears to argue that because the Patent Office did not reject the claims under 35 U.S.C. section 112, this Court cannot consider whether that section is applicable in finding that the amendment was made for a reason related to patentability. However, the *Festo* court stated that both involuntary and voluntary amendments that narrow the scope of a claim for a reason related to patentability will give rise to prosecution-history estoppel. *Festo*, 234 F.3d at 563; *Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 238 F.3d 1341, 1345–46 (Fed.Cir.2001). Therefore, this Court may look at whether both the Patent Office's reasons for rejecting the claim as well as Graco's reasons for voluntarily amending the claim were related to patentability. *Pioneer Magnetics*,

238 F.3d at 1345–46. Here, Graco stated that its reason for voluntarily amending element two was for clarification. *Festo* specifically acknowledges that 35 U.S.C. section 112 is one of the statutory requirements for a patent. *Festo* at 566. There is a respectable argument that an amendment for clarification would increase the particularity of the claim and thus fall under 35 U.S.C. section 112 paragraph 2, claim particularity. Graco, who carries the burden of this element, has not persuaded this Court that the amendment to element two would not fall under 35 U.S.C. section 112 paragraph 2, as an amendment to increase the particularity of the claim. Therefore, Graco has not show that the amendment was made for a purpose unrelated to patentability.

## IV. CONCLUSION

This court finds that the prosecution history estoppel analysis of *Festo*, 234 F.3d 558, is not triggered because in *Graco II*, this Court found that element two was both literally infringed upon and also infringed upon under the doctrine of equivalents. *Graco II*, 2000 WL 1123260 at *6– *7. Alternatively, this Court finds that even if this Court had not found element two literally infringed upon, prosecution history estoppel would not bar the use of the doctrine of equivalents because the amendment to element two did not narrow the literal scope of the claim. Therefore, Defendant's Motion for Reconsideration is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 17th day of January, 2001, upon consideration of Defendant's Motion for Reconsideration of the Order Denying Defendant's Motion for Partial

---

**5.** 35 U.S.C. section 112, paragraph 2 states " The specification shall conclude with one or more claims particularly pointing out and dis-

tinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2.

Summary Judgment of Noninfringement and Granting Plaintiff's Motion for Partial Summary Judgment of Infringement (Dkt. No. 109), and any Responses thereto, it is hereby ORDERED that the Motion is DENIED.